IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **L-J-P-L-**, an adult,<br><br>             Petitioner,<br><br>      v.<br><br>**CAMMILLA WAMSLEY**, Seattle Field Office Director, U.S. Immigration and Customs Enforcement, Enforcement and Removal Operations; **TODD LYONS**, Acting Director of U.S. Immigration and Customs Enforcement; **U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT**; **KRISTI NOEM**, Secretary of the U.S. Department of Homeland Security; **U.S. DEPARTMENT OF HOMELAND SECURITY**; and **PAMELA BONDI**, Attorney General of the United States,<br><br>             Defendants. | Case No. 3:25-cv-01390-IM<br><br>Agency No. AXXX-XXX-629<br><br>**ORDER TO SHOW CAUSE** |

**IMMERGUT, District Judge.**

        Now before the Court is a Petition for Writ of Habeas Corpus. ECF 1. Petitioner

L-J-P-L-, a citizen national of Guatemala, was released into the United States on

PAGE 1 – ORDER TO SHOW CAUSE

February 14, 2024, on an Order of Release on Recognizance pursuant to 8 U.S.C. § 1226(a). *Id.*
¶ 37. Respondents initiated removal proceedings against Petitioner under 8 U.S.C. § 1229a on
February 15, 2024. *Id.* ¶ 38. Petitioner applied for asylum before the Seattle Immigration Court
on February 11, 2025, *id.* ¶ 40, and is scheduled for an immigration court hearing on November
18, 2026, *id.* ¶ 41. On August 7, 2025, Respondents revoked Petitioner's release and detained
Petitioner. *Id.* ¶¶ 3, 58. Petitioner alleges Respondents are detaining him and seeking to transfer
him away from this District "regardless of the individual facts and circumstances of his case." *Id.*
¶ 44. He contends that the decision to revoke his release and detain him violates the
Administrative Procedure Act as an abuse of discretion, *id.* ¶¶ 47–53, and not in accordance with
law, *id.* ¶¶ 54–59, and also violates due process, *id.* ¶¶ 60–64.

       In his Petition, Petitioner requests this Court: (1) assume jurisdiction over this matter;
(2) issue an Order to Show Cause ordering Respondents to show cause why the Petition should
not be granted within three days; (3) declare Petitioner's detention violates the Due Process
Clause; (4) declare Petitioner's revocation of release from custody was made in violation of
statute and regulation; (5) issue a writ of habeas corpus ordering Respondents to release
Petitioner from custody; (6) issue an order prohibiting Respondents from transferring Petitioner
from the district without the Court's approval; (7) award Petitioner his attorney's fees and costs;
and (8) grant any other relief that this Court deems just and proper. Petitioner has not yet served
a copy of the Petition on Respondents.

       This Court enters the following Order to preserve its jurisdiction and maintain the status
quo. By so ordering, this Court makes no determination as to the merits of this case.

       Upon review of the Petition, this Court ORDERS:

1.      Petitioner requests leave to proceed anonymously. Petition, ECF 1 at 3 n.1. Considering the factors identified by the Ninth Circuit in *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000), this Court finds that the factors weigh in favor of allowing Petitioner to proceed under his initials on the public docket.

2.      Petitioner shall promptly serve a copy of the Petition and this Order on Respondents and the United States Attorney's Office for the District of Oregon. The Clerk of Court shall also serve a courtesy copy on the United States Attorney.

3.      To afford each side an adequate opportunity to brief the issues and to allow this Court to fully consider the briefing, this Court finds that good cause exists to allow Respondents more time than provided in 28 U.S.C. § 2243 to respond to the Petition. Respondents are ordered to show cause in writing why the Petition should not be granted by no later than 12:00 PM on Wednesday, August 13, 2025. A reply in support of the Petition, if any, must be filed by 12:00 PM on Friday, August 15, 2025. A hearing on the Petition is set for 12:00 PM on August 19, 2025, in Courtroom 13A. The parties should notify the Court immediately if they have any objections to this schedule.

4.      This Court generally has jurisdiction over petitions for writs of habeas corpus, 28 U.S.C. § 2241(a), but lacks subject-matter jurisdiction to review removal orders, 8 U.S.C. § 1252(g). "[A] federal court always has jurisdiction to determine its own jurisdiction." *United States v. Ruiz*, 536 U.S. 622, 628 (2002). This jurisdiction includes the authority to issue orders pursuant to the All Writs Act, 28 U.S.C. § 1651, "to preserve existing conditions" while this Court "determin[es] its own authority to grant injunctive relief." *United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947).

5.      To preserve this Court's jurisdiction over this matter and maintain the status quo, this Court ORDERS that Respondents shall not move Petitioner outside the District of Oregon without first providing advance notice of the intended move, made in writing and filed on the docket in this proceeding. Such notice must state the reason for such a move. Petitioner shall not be moved out of the District of Oregon for at least two business days or 48 hours, whichever is later, from the time such notice has been filed on the docket. This period may be shortened or extended by order of the Court. This Order will remain in effect until this matter is resolved or this Order is vacated.

6.      If Respondents have already moved Petitioner outside the District, Respondents are ORDERED to notify this Court **within two hours of being served with this Order**, stating the date and time that Petitioner was transferred out of the District and the reason why such a move was immediately necessary.


**IT IS SO ORDERED.**

DATED this 7th day of August, 2025.


/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge